UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREY D. LAWRENCE,

    Petitioner,

v.

STEVEN RIVARD,

    Respondent.

Case No. 14-13911
Honorable Laurie J. Michelson

---

**OPINION AND ORDER SUMMARILY DISMISSING THE HABEAS PETITION, DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

In December 2011, Petitioner Trey D. Lawrence pleaded guilty to second-degree murder and possession of a firearm during the commission of a felony. He subsequently sought post-conviction relief on the grounds that the trial court accepted his plea without establishing the factual basis for the "malice" element of the second-degree murder charge. The state trial court denied Lawrence's motion for relief from judgment and both the Michigan Court of Appeals and Supreme Court denied leave to appeal the trial court's post-conviction order.

Lawrence now petitions this Court for a writ of habeas corpus asserting a single claim for relief: that the trial court's failure to establish the factual basis for malice violates the United States Constitution. For the reasons that follow, the Petition will be DENIED.

**I.**

In support of his petition, Lawrence directs the Court's attention to the following portion of his plea colloquy:

> THE COURT: On May 2, 2011, were you at Cortland and Stoepel in the City of Detroit?

DEFENDANT: Yes sir.

THE COURT: And did you have contact with Arthur Landrum?

DEFENDANT: Yes sir.

THE COURT: And what did you do to Mr. Landrum?

DEFENDANT: I shot him in the head, sir.

THE COURT: And was there one shot or more than one shot?

DEFENDANT: One shot, sir.

THE COURT: And you knew that act would likely cause his death?

DEFENDANT: Yes, Sir. It was a mistake, sir.

THE COURT: Well, You mean the gun went off accidently?

DEFENDANT: No, sir.

THE COURT: Why did you shoot him?

DEFENDANT: I was trying to shoot out the car.

THE COURT: Okay. So you were in a car?

DEFENDANT: Yes, sir.

THE COURT: Where was Mr. Landrum?

DEFENDANT: In the front seat, sir. Passenger seat.

THE COURT: So, why did you fire the gun?

DEFENDANT: Someone was shooting at us, sir.

THE COURT: And when you fired the gun, you intended to shoot someone else?

DEFENDANT: Yes, sir.

THE COURT: Instead, you hit him?

>DEFENDANT:[1] And you understand that your intent at shooting someone else traveled with the bullet, such that you are responsible for his death?
>
>DEFENDANT: What kind of weapon did you have?
>
>DEFENDANT: A .45, sir.

(Dkt. 1, Pet. for Habeas at 2.) Lawrence argues that "[w]hat was described was a situation where a person might act rashly, in the heat of the moment, under severe provocation, and without the opportunity to rationally evaluate the situation." (Pet. for Habeas at 2.) Under Michigan law, "[m]alice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *People v. Goecke*, 457 Mich. 442, 464 (1998).

## II.

Before turning to the merits, as with most every federal habeas case, threshold is whether this Court must defer to a state-court assessment of the claims presented for habeas relief under 28 U.S.C. § 2254(d) and, if so, which state-court assessment. *See Robinson v. Howes*, 663 F.3d 819, 823 (6th Cir. 2011) ("Claims that were not 'adjudicated on the merits in State court proceedings' receive the pre-AEDPA standard of review: de novo for questions of law (including mixed questions of law and fact), and clear error for questions of fact."); *Davis v. Rapelje*, 33 F. Supp. 3d 849 (E.D. Mich. 2014). As noted, both the Michigan Court of Appeals and Michigan Supreme Court denied Lawrence's request for leave to appeal the state trial court's denial of Lawrence's motion for relief from judgment. Without further elaboration, both courts concluded that Lawrence had "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." The Sixth Circuit has said that this language is ambiguous as to whether it is

---

[1] Likely this was a statement by the trial court, but Lawrence has not provided the Court with a copy of the plea colloquy and the Court has elected to proceed without obtaining the Rule 5 materials.

3

procedural or a merits ruling and has instructed the district courts of this Circuit to resolve the ambiguity by applying *Ylst*'s look-through approach:

> Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or denial of relief on the merits, the orders are unexplained. We must therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection of Guilmette's claim. In *Ylst v. Nunnemaker*, the Supreme Court applied a presumption that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

*Guilmette v. Howes*, 624 F.3d 286, 291–92 (6th Cir. 2010) (en banc); *but see Moritz v. Lafler*, 525 F. App'x 277, 283 & n.3 (6th Cir. 2013) (explaining why *Harrington* did not abrogate *Guilmette*, but ultimately "assum[ing], without deciding, that *Guilmette*'s look-through process, though established a few months before *Harrington*, is still viable in its wake").

The difficulty here, however, is that the state trial court post-conviction order is also unexplained: "UPON a reading of Defendant's Motion for Relief From Judgment, AND the Court being fully advised in the premises, IT IS HEREBY ORDERED that Defendant's Motion for Relief From Judgment is hereby DENIED pending appeal. IT IS SO ORDERED." (Pet. for Habeas at Pg ID 41, Mar. 7, 2013, Post-Conviction Order.) And because the Court proceeds without the Rule 5 materials, it does not have a transcript of the hearing (if any) that the state trial court held on Lawrence's motion for relief from judgment. So the Court cannot be certain whether the state trial court ruled on procedural or merits grounds. This uncertainty will be resolved in favor of Lawrence: the Court will assume that 28 U.S.C. § 2254(d) does not apply and consider Lawrence's claim de novo. *But see Davis*, 33 F. Supp. 3d at 856 ("The Supreme Court in *Harrington* directed federal courts to presume that an unexplained state-court denial of a claim presented for federal habeas relief is a decision 'on the merits' within the meaning of § 2254(d).").

4

### III.

Lawrence presents no decision of the United States Supreme Court holding, or even suggesting, that a conviction via a guilty plea violates the Constitution if the judge taking the plea does not establish the factual basis for an element of the charged offense. And in *N. Carolina v. Alford*, 400 U.S. 25 (1970), the Supreme Court suggested otherwise. There, "Alford took the stand and testified that he had not committed the murder but that he was pleading guilty because he faced the threat of the death penalty if he did not do so." *Id.* at 28. The Supreme Court found that there were valid reasons for Alford to plead guilty even while maintaining his innocence: "Because of the overwhelming evidence against him, a trial was precisely what neither Alford nor his attorney desired. Confronted with the choice between a trial for first-degree murder, on the one hand, and a plea of guilty to second-degree murder, on the other, Alford quite reasonably chose the latter and thereby limited the maximum penalty to a 30-year term." *Id.* at 37. Importantly, by rejecting Alford's argument that the state should not have given him the option to plead guilty, the Supreme Court suggested that the constitutional right Lawrence asserts in this case does not exist: "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence *even if he is unwilling or unable to admit his participation in the acts constituting the crime*." 400 U.S. at 37 (emphasis added). And at least two panels of the Sixth Circuit have held as follows: "that the factual basis for a guilty plea was insufficient is not a cognizable claim for habeas corpus." *Watkins v. Lafler*, 517 F. App'x 488, 500 (6th Cir 2013) ("The Constitution does not require a factual basis to establish a plea of guilty. While Michigan law requires such a factual basis pursuant to M.C.R. 6.302(D)(1), a mere violation of Michigan law cannot support a habeas claim." (internal citation omitted)); *see also Bonior v. Conerly*, 416 F. App'x 475, 477–78 (6th

Cir. 2010) ("We have held that 'there is no constitutional requirement that a trial judge inquire into the factual basis of a plea,' *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975), and more recently noted that '[t]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes,' *United States v. Tunning*, 69 F.3d 107 (6th Cir. 1995). Therefore, to the extent Bonior claims an insufficient factual basis for the plea, that claim is not cognizable in federal habeas."). As such, this Court cannot grant Lawrence a writ on his habeas claim.[2]

### IV.

Given the foregoing, Lawrence's habeas petition will be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases, "which allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court.'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting Rule 4). Further, because Lawrence has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and because reasonable jurists would not disagree with the Court's resolution of his claim or conclude that the issues presented deserve encouragement to proceed further, the Court denies Lawrence a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). And Lawrence may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

---

[2] Exhibits to the habeas petition indicate that Lawrence was represented by counsel at his plea. And even though he made a conclusory argument in state court that his plea was not a knowing, voluntary, and intelligent act, he did not support his argument with any facts or constitutional law. Nor has he raised that issue as a ground for relief in his habeas petition.

SO ORDERED.

         <u>s/Laurie J. Michelson</u>
         LAURIE J. MICHELSON
         UNITED STATES DISTRICT JUDGE

Dated: April 24, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 24, 2015.

         <u>s/Jane Johnson</u>
         Case Manager to
         Honorable Laurie J. Michelson